IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $10,055.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | COMPLAINT IN FORFEITURE |

NOW COMES plaintiff, the United States of America, by Carole S. Rendon, United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this in rem proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3. The defendant $10,055.00 in U.S. Currency (hereinafter "defendant currency") was seized by the Federal Bureau of Investigation (hereinafter "FBI") on March 15, 2015. The defendant currency is now in the possession of the federal government.

4. Subsequent to the seizure, the FBI commenced administrative forfeiture proceedings against the defendant currency. A claim to the defendant currency was submitted in the administrative forfeiture proceeding by Jon A. Herring, Jr. (hereinafter "Herring"), necessitating the filing of this judicial forfeiture action.

1

5. The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a).

## FORFEITURE COUNT

6. At all times relevant to this complaint, Herring was on parole and was being supervised by the Adult Parole Authority of Ohio (hereinafter APA). As a condition of parole, Herring was subject to warrantless searches.

7. Based upon information learned from the Canton Police Department, an APA Officer had reasonable suspicion to believe that Herring had committed a major felony violation of the Ohio Revised Code.

8. On March 15, 2015, at the request of the APA Officer, the Canton Police Department made a traffic stop at the intersection of Mahoning Rd. and Harrisburg Road NE., Canton, Ohio, of a 2006 Chrysler 300 owned and being operated by Herring.

9. The APA officer conducted a parole search of Herring and his vehicle. Also present was an FBI Task Force Officer (hereinafter TFO).

10. The APA Officer discovered the defendant currency in a black plastic bag in the center console of the vehicle.

11. Much of the defendant currency was wrapped individually in $500.00 increments and, based upon his training and experience, the TFO believed the packaging of the currency was consistent with drug trafficking.

12. The APA Officer discovered three cell phones, which Herring acknowledged were his. Based upon the training and experience of the APA Officer and the TFO, the possession of three cell phones by an individual is consistent with drug trafficking.

13. In response to questioning, Herring stated that the cash belonged to his girlfriend, Jessica; that she was unaware that he had her cash; and that Herring had intended to give $3,000.00 to the family of a person who had been killed the previous evening.

14. The defendant currency and the three cell phones were seized.

15. The TFO provided Herring with his business card and advised Herring to have his girlfriend contact him regarding the currency.

16. On March 30, 2015, Jessica Haavisto (hereinafter "Haavisto") was interviewed at the Canton Police Department Detective Bureau. Haavisto admitted to being in a relationship with Herring and first stated the money seized during the traffic encounter was hers. She further stated Herring did not have permission to take the currency, but that she had told Herring he could give $3,000.00 of the currency to the family of the deceased person, even though she acknowledged she did not know that person.

17. After being confronted with the implausibility of her own statements, Haavisto acknowledged that she had lied. She then stated that the seized currency did not belong to her but, rather, it belonged to Herring. Additionally, Haavisto stated that Herring had asked her to talk with the TFO and portray the money as hers; that she had never seen the money; and that she didn't know whether the money had ever been in her apartment.

18. On March 15, 2015, in a separate parole search of Herring's apartment, located in Canton, Ohio, the APA Officer discovered a digital scale, a common tool of drug traffickers.

19. Herring has a drug trafficking criminal record, including the following convictions: On April 6, 2016, for Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine in Case No. 5:15CR200 in the United States District Court for the Northern District of Ohio; and on October 5, 2007, for Trafficking in Cocaine, Possession of Cocaine, Participating in a Criminal Gang, and Money Laundering, in Case No. 2007CR1133(D) in the Summit County Court of Common Pleas.

20. By reason of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

Respectfully submitted,

CAROLE S. RENDON
United States Attorney

By: /s/ Phillip J. Tripi
Phillip J. Tripi
Reg. No. 0017767
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: (216) 622-3769
Fax: (216)522-7499
Phillip.Tripi@usdoj.gov

## VERIFICATION

STATE OF OHIO          )
                       ) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

_____
Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this 12th day of January, 2017.

_____
Notary Public

MELANIE KATE SANDS
Notary Public, State of Ohio
My Commission Expires May 6, 2020