UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17-cv-78 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| $10,055.00 in U.S. CURRENCY, | ) | |
| | ) | |
| DEFENDANT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JON A. HERRING, JR., | ) | |
| | ) | |
| CLAIMANT. | ) | |

This matter is before the Court on the motion of claimant Jon A. Herring, Jr. ("Herring") for the return of defendant $10,055.00 in U.S. Currency ("Currency"). (Doc. No. 11 ("Mot.").) Plaintiff United States of America ("USA") opposed the motion. (Doc. No. 13 ("Opp'n").) For the reasons that follow, the motion is denied.

**A. Fed. R. Crim. P. 41(g)**

Herring's motion for return of the Currency is brought Pursuant to Federal Rule of Criminal Procedure 41(g). Under Rule 41(g) Motion to Return Property,

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Herring acknowledges that "[a] FRCP 41(g) motion is properly denied if . . . the seized property . . . [is] subjuect [sic] to forfeiture." (Mot. at 77, citing *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980).) In support of the motion, Herring asserts that "[n]o civil forfeiture has been filed by the government. Therefore, this Honorable Court is in full authority to return the requested property." (*Id*., citing *Millers Cove Energy Co., Inc. v. Moore*, 128 F.3d 449 (6th Cir. 1997).) In opposition, USA argues that the equitable remedy Herring seeks in his Rule 41(g) motion is not available because he has pursued the legal remedies available to him under 18 U.S.C. § 983(a)(2) and (a)(4), and the instant in rem civil forfeiture action affords him an adequate remedy at law with respect to his claim to the Currency.

**B. Analysis**

"Rule 41(g) provides an equitable remedy that is not available where there an adequate remedy at law." *United States v. Rodgers*, Misc. Case No. 14-51456, Crim. Case No. 12-20372, 2015 WL 136678, at *1 (E.D. Mich. Jan. 9, 2015) (citing *Brown v. United States,* 692 F.3d 550, 552-53 (6th Cir. 2012)). Herring's statement in the motion that no civil forfeiture action has been filed by the government is patently incorrect—the instant action is a civil in rem forfeiture action. (*See* Doc. No. 1 (Complaint ["Compl."]).)

USA filed the instant action alleging that the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and notified Herring of the forfeiture action. (*Id*. ¶ 5; Doc. No. 1-5 ("Notice").) "After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e) [now Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture

proceedings." *United States v. One 1974 Learjet 24D, Serial No. 24D-290, Mexican Registration XA-RMF*, 191 F.3d 668, 673 (6th Cir. 1999) (citing *Shaw v. United States*, 891 F.2d 602, 603-04 (6th Cir. 1989)).

Here, Herring filed a claim to the Currency (Doc. No. 6), and answered the complaint contesting USA's forfeiture pursuant to § 881(a)(6). (Doc. No. 7.) The instant civil action provides Herring with an adequate remedy at law for contesting the forfeiture. *See $8,050.00 in U.S. Currency v. United States*, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (citing *Shaw*); *Le v. United States*, No. 1:14-CV-600-WKW, 2014 WL 4472607, at *1 (M.D. Ala. Sept. 11, 2014) (adequate remedy at law available through the Civil Asset Forfeiture Act of 2000, 18 U.S.C. § 983, requires dismissal of Rule 41(g) petition) (citing *$8,050.00 in U.S. Currency*, 307 F. Supp. 2d at 927). Thus, Herring's Rule 41(g) motion seeking an equitable remedy for return of the Currency is denied.

## C. Conclusion

For all of the foregoing reasons, Herring's Rule 41(g) motion is denied. The Court's denial of the 41(g) motion for equitable relief with respect to the Currency is in no way a ruling on the merits of Herring's claim to the Currency in the instant civil in rem forfeiture action. A case management plan will be separately published.

**IT IS SO ORDERED**.

Dated: January 9, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**