UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17-cv-78 |
| PLAINTIFF, | ) | |
| vs. | ) | JUDGE SARA LIOI |
| $10,055.00 IN U.S. CURRENCY, | ) | |
| DEFENDANT. | ) | **MEMORANDUM OPINION** |

Before the Court is the unopposed motion to strike the claim and answer of Jon A. Herring, Jr. ("Herring") for failing to respond to special interrogatories filed by plaintiff United States of America. (Doc. No. 19 ["Mot."].) For the reasons discussed below, the motion is GRANTED.

**I. BACKGROUND**

This forfeiture action is based upon $10,055.00 in U.S. Currency seized on March 15, 2015. (Doc. No. 1 ["Compl."] at ¶ 3.) Following the seizure, Herring submitted a claim to the defendant currency. (Doc. No. 6 ["Claim to Currency"].) At the time of the seizure, Herring was on parole and being supervised by the Adult Parole Authority of Ohio ("APA").[1] (Compl. at ¶ 6.) Pursuant to the conditions of his parole, Herring was subject to warrantless searches. (*Id.*) On March 15, 2015, based upon information producing reasonable suspicion that Herring had committed a felony, the Canton Police Department, along with an FBI Task Force Officer

---

[1] Herring had two previous convictions relating to drug trafficking – the first in Ohio state court in 2007, for Trafficking in Cocaine, Possession of Cocaine, Participating in a Criminal Gang, and Money Laundering , and the second in federal court in 2016 for Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine. (Compl. at ¶ 19.)

("TFO"), performed a traffic stop of Herring's vehicle and conducted a parole search of Herring and the vehicle. (*Id.* at ¶¶ at 6-9.)

During the search, officers discovered the currency at issue, much of which was wrapped in $500.00 increments, in a black plastic bag in the center console of the vehicle. (*Id.* at ¶¶ 10, 11.) Three cell phones were also discovered in Herring's possession. (*Id.* at ¶ 12.) Based upon training and experience, the officers believed that the packaging of the currency and the possession of three cell phones was consistent with drug trafficking.[2] (*Id.* at ¶¶ 11, 12.) When questioned, Herring stated that the currency belonged to his girlfriend, Jessica Haavisto, and that she was unaware that he had it. (*Id.* at ¶ 13.) Further, Herring stated that he intended to give $3,000.00 of the currency to the family of an individual who had been killed the night before. (*Id.*) At the end of the interview, officers seized the currency and the cell phones. (*Id.* at ¶ 14.) The TFO officer also gave Herring his business card and instructed Herring to have Haavisto call the number. (*Id.* at ¶ 15.)

On March 30, 2015, the Canton Police Department Detective Bureau interviewed Haavisto, who initially corroborated Herring's story. (*Id.* at ¶ 16.) She stated that the currency was hers and that she had given Herring permission to give $3,000.00 of it to the family of the deceased person, even though she did not know the person. (*Id.*) Confronted with the implausibility of her statements, Haavisto recanted her initial statements, admitting that the currency belonged to Herring and that he had asked her to portray it as her own. (*Id.* at ¶ 17).

## II. STANDARD OF REVIEW

The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 981, *et seq.*, governs civil forfeiture actions. Persons claiming an interest in seized property may file a claim as provided by Rule G—

---

[2] On the same day, the APA officer conducted a separate search of Herring's apartment that uncovered a digital scale, which is a common tool of drug traffickers. (*Id.* at ¶ 18.)

Forfeiture Actions In Rem—of the Supplemental Rules. *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) ("Under the Civil Asset Forfeiture Reform Act of 2000 . . . 'any person claiming an interest in the seized property may filed a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rule for Admiralty and Maritime Claims and Asset Forfeiture Actions.' 18 U.S.C. § 983(a)(4)(A).").

Standing to assert a claim is a threshold issue in a civil forfeiture action, and it is the claimant's burden to establish that he has both statutory and Article III standing to contest the forfeiture. *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 349 (6th Cir. 2017) ("In addition to demonstrating Article III standing, we also require a claimant to comply with Rule G in order to establish statutory standing.") (citations omitted). To establish statutory standing, the claimant must adhere strictly to the requirements of Rule G; "[a] single deviation from the statute's requirements deprives a claimant of statutory standing." *Id.*. Article III standing exists only when "a claimant [has] a colorable ownership, possessory or security interest in at least a portion of the defendant property." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998); *see also $31,000.00 in U.S. Currency*, 872 F.3d at 348-49.

While it is the claimant's burden to establish standing, Rule G(6)[3] entitles the government to serve special interrogatories to determine whether the claimant has a sufficient interest in the seized property to contest the forfeiture, that is, whether the claimant has standing. *See $31,000.00 in U.S. Currency*, 872 F.3d at 348 (citing *United States v. $133,420.00 in U.S.*

---

[3] **Rule G(6). Special Interrogatories.**

(a) **Time and Scope.** The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. . . .

(b) **Answers or Objections.** Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.

Rule G(6)(a) and (b).

*Currency,* 672 F.3d 629, 635 (9th Cir. 2012) ("The purpose of the rule is 'to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing.' Supp. R. G advisory committee's note (subdivision (6))"); *see also United States v. Funds in the Amount of $547,840*, 719 F.3d 648, 650 (7th Cir. 2013) ("The purpose of such interrogatories is to smoke out fraudulent claims— claims by persons who have no colorable claims."). So important are these interrogatories to the issue of standing that Rule G(8)(c)(i) permits the government to move to strike a claim or answer "(A) for failing to comply with Rule G(5) or (6); or (B) because the claimant lacks standing."

## III. DISCUSSION

On November 30, 2017, the government propounded special interrogatories on Herring, as permitted under Rule G(6)(a). (*See* Doc. No. 16.) The interrogatories were delivered on December 6, 2017. (*See* Doc. No. 19-1.) The first paragraph of the interrogatories referenced Rule G(6)'s 21-day response requirement. (Doc. No. 19-2 (Special Interrogatories) at 122.[4]) Two months later, on February 7, 2018, the government filed the instant motion to strike Herring's claim pursuant to Rule G(8)(c)(i)(A), arguing that Herring failed to comply with Rule G(6).

At this time, more than six months have passed since Herring was served with the special interrogatories. He has not responded to the interrogatories, nor has he sought an extension or provided any explanation for his failure to respond. (*See* Doc. No. 23.) Though Herring is currently incarcerated, there is nothing to suggest he did not receive the interrogatories or copies of court filings and orders referencing his failure to comply with Rule G(6) by answering the special interrogatories.

---

[4] All page number references are to the page identification number generated by the Court's electronic docketing system.

While "[n]ot every failure to respond to subdivision (6) interrogatories warrants an order striking the claim," Supp. R. G advisory committee's note (subdivision (6)), such an order is appropriate here. *See, e.g., United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014) (district court abused its discretion in striking claim for failure to adequately respond to special interrogatories when response was unnecessary to determine standing). Not only has Herring failed to respond to the special interrogatories, but he asserts nothing more than a general ownership interest in both his original claim and his answer to the complaint. (*See* Claim to Currency; Doc. No. 7 ["Answer"].) Without information as to how he came to acquire the currency, funds which he initially claimed were owned by his girlfriend, Herring is unable to establish a colorable claim of ownership necessary to establish standing.

Therefore, due to Herring's "'complete failure to respond to the government's Rule G(6) interrogatories,'" the government's motion to strike Herring's claim is granted. *United States v. $68,120.00 in U.S. Currency*, 258 F. Supp. 3d 866, 867 (N.D. Ohio 2017) (quoting *United States v. $25,982.28 in U.S. Currency*, No. 5:14 CV 150, 2015 WL 410590, at *3 (N.D. Ohio Jan. 29, 2015), *disagreed with on other grounds, $31, 000.00 in U.S. Currency*, 872 F.3d at 352).

## IV. CONCLUSION

For the foregoing reasons, the government's motion to strike is GRANTED.

**IT IS SO ORDERED.**

Dated: June 12, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**